UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CAMERON POPE and<br>TERRELL HUNT, individually<br>and on behalf of similarly<br>situated persons, | Case No. 2:22-cv-10922<br><br>Hon. |
| Plaintiffs,<br>v.<br><br>BELLE TIRE DISTRIBUTORS, INC.,<br><br>Defendant. | *Related Case*:<br>*Richard Schmitt v. Belle Tire*<br>*Distributors, Inc.*<br>*U.S. District Court, ED of MI*<br>*Case No. 2:20-cv-13151*<br>*Hon. George Caram Steeh* |

_____

DAVID M. BLANCHARD (P67190)
FRANCES J. HOLLANDER (P82180)
BLANCHARD & WALKER PLLC
Attorneys for Plaintiffs
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com
hollander@bwlawonline.com

_____

## COMPLAINT AND JURY DEMAND

Plaintiffs Cameron Pope ("Plaintiff" or "Mr. Pope") and Terrell Hunt ("Plaintiff" or "Mr. Hunt"), collectively known as "Plaintiffs", through their attorneys, BLANCHARD & WALKER PLLC, individually and on behalf of all others similarly situated, files this civil lawsuit against Defendant BELLE TIRE

DISTRIBUTORS, INC. seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

## NATURE OF THE CASE

1.  Plaintiffs Pope and Hunt did not opt-in and/or consent to participate in the collective class against filed against Defendant known as *Richard Schmitt v Belle Tire Distributors, Inc.*, U.S. District Court for the Eastern District of Michigan, Case No. 2:20-cv-13151 within the approved notice period ordered by this Court.

2.  Plaintiffs have initiated the instant action to redress violations of the FLSA caused by Defendant Belle Tire Distributors, Inc.'s ("Defendant" or "Belle Tire") failure to pay proper overtime wages to Plaintiffs Cameron Pope and Tyrell Hunt and similarly situated employees.

3.  Mr. Pope has worked for Defendant from September 11, 2015 to the present at Defendant's Store 122 as an alignment technician.

4.  Mr. Hunt worked for Defendant from approximately November 2016 to approximately February 2020.  Mr. Hunt was employed as an alignment technician from Spring/Summer 2018 to February 2020 at various stores located in Southeastern Michigan.

5.  Plaintiffs were paid on a flat sum, piece-rate basis. An employee paid on a piece-rate basis for mechanic work is entitled to overtime compensation for hours worked over forty (40) in a week.

6. While working for Defendant, Plaintiffs and others similarly situated worked more than forty (40) hours per workweek but were not paid the legally-required overtime premium for all of their overtime hours.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. §§ 216(b) and 217 because this action involves a federal question under the FLSA.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant is headquartered and conducts business in this district.

## PARTIES

9. Plaintiff Pope is an adult resident of the State of Indiana, and he worked for Defendant at all relevant times.

10. Plaintiff Hunt an adult resident of Detroit, Michigan, and he worked for Defendant in Michigan at all relevant times.

11. Plaintiff Pope began his employment with Defendant on or about September 11, 2015 at Defendant's Store No. 122 and continues to be employed as an alignment technician by Defendant through the present.

12. Plaintiff Hunt began his employment with Defendant on or about November 2016 at Store 23 (Royal Oak, MI) as a tire tech. He was then transferred and promoted to alignment tech in or around Spring/Summer of 2018 at Store 3

(Roseville, MI). Mr. Hunt subsequently was transferred again to Grosse Pointe Farms, MI (Mack & Moross) Store and then to Warren, Michigan (Van Dyke & 14 Mile Road) Store where he continued his work as an alignment technician. Mr. Hunt left his employment with Defendant in or around February 2020 while working at the Warren, Michigan store.

13. Plaintiffs are both a covered "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

14. While working for Defendant, Plaintiffs were individually engaged in commerce or in the production of goods for commerce.

15. Defendant Belle Tire Distributors, Inc. ("Belle Tire") is a Michigan for-profit corporation with its corporate headquarters located in Allen Park, Michigan.

16. The compensation policies and practices challenged herein are set and carried out on an enterprise-wide basis from Defendant's corporate headquarters in Allen Park, Michigan.

17. At all times material, Defendant was an "enterprise engaged in commerce or in the production of goods for commence" as defined by the FLSA, 29 U.S.C. 203(s)(1).

18. Defendant is the "employer" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203.

4

19. At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce; had gross operating revenues in excess of $500,000.00; and employed two or more persons in interstate commerce.

20. Plaintiffs consent to bring this action pursuant to 29 U.S.C. § 216(b) are attached as Exhibit A to this Complaint.

## COLLECTIVE DEFINITION

21. Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the following collective of potential FLSA opt-in litigants:

> All individuals who worked for Defendant and were compensated predominately based on a fixed amount per automotive service without regard for the cost or profit received for the work ("piece rate") from the date three years prior to the date this Complaint was filed and who did not receive an overtime premium when they worked more than forty hours in a week (the "FLSA Collective" or "Collective").

22. Plaintiffs reserve the right to redefine the Collective prior to notice and certification, and thereafter, as necessary.

## GENERAL ALLEGATIONS

23. Plaintiff Pope began his employment as an Alignment Technician with Defendant on or around September 11, 2015 at Defendant's Store No. 122.

24. Plaintiff Hunt began his employment as an Alignment Technician with Defendant on or around Spring/Summer of 2018 at Store 3 (Roseville, MI),

transferred to Defendant's Grosse Pointe Farms, MI (Mack & Moross) Store and then to Defendant's Warren, Michigan (Van Dyke & 14 Mile Road) Store.

25. Plaintiffs and similarly situated technicians and mechanics are compensated almost exclusively on a piece rate for each service performed. Such amount does not vary based on the price of the service or the profits of the company.

26. For instance, Plaintiffs and similarly situated technicians and mechanics are paid a flat rate of $10 per oil change performed, regardless of whether the customer pays $31.00, $89.99, or nothing at all.

27. Likewise, Plaintiffs and similarly situated technicians and mechanics are paid a fixed piece rate per each wheel alignment performed. The amount does not vary whether the customer pays $50.00, $89.99, or nothing at all.

28. These fixed compensation rates for oil changes and wheel alignments account for 90% or more of the weekly compensation paid to Plaintiffs and similarly situated technicians and mechanics

29. Plaintiffs and similarly situated technicians and mechanics are not paid on an hourly basis.

30. Defendant mislabels these piece-rate payments as "commission" in an attempt to conceal and avoid paying overtime pay.

31. There is no proportionality between these piece-rate payments to employees and the amount charged to the customer.

6

32. The piece-rate system does not constitute a "commission" in fact or in law.

33. No exemption to the overtime law applies. In particular, the FLSA Section 7(i) overtime exemption for commissioned employees does not apply because less than half of total earnings for Plaintiffs and others similarly situated in any representative period consist of commissions.

34. Plaintiffs and similarly situated technicians and mechanics are not responsible for making sales or setting prices, nor are they paid based on those sales or prices. Defendant has a dedicated sales staff.

35. Employees paid on a piece-rate basis are entitled to a half-time overtime premium of their hourly rate for all hours worked over forty (40) in a workweek, based on an hourly rate calculated by totaling all sums received in the workweek and dividing by the total hours actually worked. 29 C.F.R. § 778.111.

36. Defendant does not pay the required overtime premium to its piece-rate employees.

37. Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in this case.

38. Plaintiffs had the primary job duty of repairing and replacing tires and aligning wheels on automobiles used in interstate commerce.

39. Plaintiffs and the Collective are not regularly engaged in the

7

management and general business administration of Defendant's operations.

40. Plaintiffs and the Collective regularly work more than 40 hours per workweek without being paid their proper overtime compensation, in violation of the FLSA.

41. Defendant has willfully failed to pay Plaintiffs and the Collective overtime as required under the FLSA and have done so knowingly and without any good faith legal basis.

42. Defendant willfully operates under a common scheme to deprive Plaintiffs and the Collective of proper overtime compensation by paying them less than what is required under law.

43. Defendant is aware, or should have been aware, of its unlawful failure to pay overtime and recklessly chose to disregard the consequences of its actions.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

44. Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

45. Plaintiffs desire to pursue their FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

46. Plaintiffs and the FLSA Collective Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals have been subject to Defendant's common business and compensation practices as

described herein, and, as a result of such practices, have not been paid the legally-mandated overtime compensation for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including Defendant's compensation and payroll practices.

47. Employees paid on a piece-rate basis are entitled to a half-time overtime premium of their hourly rate for all hours worked over forty (40) in a workweek, at an hourly rate calculated by totaling all sums received in the workweek and dividing by the total hours actually worked. 29 C.F.R. § 778.111.

48. Defendant did not pay its piece-rate employees overtime compensation for hours worked in excess of forty a week.

49. Defendant encouraged Plaintiffs and similarly situated employees to work at least 48 hours a week by threatening to withhold certain fringe benefits for those who worked less.

50. The similarly situated employees are known to Defendant, are readily identifiable, and can easily be located through Defendant's business and human resources records.

51. Similarly situated employees may be readily notified of this action through electronic mail, U.S. Mail, and/or others means, and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively

9

adjudicating their claims for overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

## COUNT I
### Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.
*Failure to Pay Required Overtime Rates*

52. All previous paragraphs are incorporated as though fully set forth herein.

53. At all relevant times, Defendant has been an "employer" of Plaintiffs and the FLSA Collective. 29 U.S.C. § 203(d).

54. At all relevant times, Plaintiffs and the FLSA Collective have been "employees" of Defendant. 29 U.S.C. § 203(e).

55. Plaintiffs and the FLSA Collective are victims of Defendant's common policy of failing to pay overtime compensation to its piece-rate employees. This policy has resulted in willful violations of Plaintiffs' and the FLSA Collective's rights under the FLSA, and has caused significant damage to Plaintiffs and the FLSA Collective.

56. Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in this case.

57. Plaintiffs and the FLSA Collective regularly work more than forty (40) hours per week for Defendant, but Defendant does not properly compensate them for all of their overtime hours as required by the FLSA.

58. Plaintiffs and the FLSA Collective are not employed pursuant to a bona fide individual contract that specifies a regular rate of pay of not less than the minimum hourly rate required by law.

59. Plaintiffs and the FLSA Collective are not employed pursuant to a bona fide individual contract that provides a weekly guarantee of pay for not less than sixty hours.

60. Plaintiffs and the FLSA Collective are not paid on a salary basis.

61. Plaintiffs and the FLSA Collective are not paid a guaranteed amount each week.

62. Defendant does not and has not made a good-faith effort to comply with the FLSA.

63. Defendant willfully failed and refused to pay Plaintiffs and the FLSA Collective wages at the required overtime rates.

64. Defendant's willful failure and refusal to pay Plaintiffs and the FLSA Collective overtime wages for time worked violates the FLSA. 29 U.S.C. § 207.

65. As a direct and proximate result of these unlawful practices, Plaintiffs and the FLSA Collective suffered and continue to suffer wage loss and are therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of their claims, liquidated damages or prejudgment interest, attorneys' fees and costs, and such others legal and equitable relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Pope and Hunt seeks the following relief on behalf of themselves and the members of the FLSA Collective:

a. An Order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the FLSA Collective;

c. Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

d. Liquidated damages to the fullest extent permitted under the law;

e. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

f. All further relief as the Court deems just and equitable.

Respectfully submitted,

/s/ David M. Blanchard
David M. Blanchard (P67190)
Frances J. Hollander (P82180)
BLANCHARD & WALKER, PLLC
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
Telephone: (734) 929-4313
blanchard@bwlawonline.com
Date: April 29, 2022                               hollander@bwlawonline.com

## **DEMAND FOR A JURY TRIAL**

Now Comes Plaintiffs, Cameron Pope and Terrell Hunt, by and through their attorneys, Blanchard & Walker, PLLC, and hereby demand a trial by jury in the above-captioned matter.

Respectfully submitted,

/s/ David M. Blanchard
David M. Blanchard (P67190)
Frances J. Hollander (P82180)
BLANCHARD & WALKER, PLLC
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
Telephone: (734) 929-4313
blanchard@bwlawonline.com
hollander@bwlawonline.com

Date: April 29, 2022